UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BECK CHEVROLET CO., INC.,

                              **Plaintiff,**

                                                                         **Case No. 11 CV 2856 (AKH)**

    -against-

GENERAL MOTORS LLC,

                              **Defendant.**
------------------------------------------------------------------X


**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION FOR
RECONSIDERATION AND REARGUMENT PURSUANT TO
LOCAL CIVIL RULE 6.3 OR, IF DENIED, FOR CERTIFICATION FOR
<u>IMMEDIATE INTERLOCUTORYAPPEAL PURSUANT TO 28 U.S.C. § 1292(b)</u>**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .........................................................................................................1

STANDARD OF REVIEW ........................................................................................................2

ARGUMENT ..............................................................................................................................3

    I.    In Denying Removal, this Court Overlooked
Controlling United States Supreme Court and
Precedential Second Circuit Authority ........................................................................3

    II.   The Court's Reliance on *Okoli,* a Non-Precedential
and Distringuishable Second Circuit Case, is Misplaced .................................................7

    III.  Any Order Denying Remand Should Be Certified for
Immediate interlocutory Review Pursuant to 28 U.S.C.
1292(b) ...........................................................................................................................10

CONCLUSION.........................................................................................................................11

Plaintiff Beck Chevrolet Co, Inc. ("Beck"), by its attorneys Robinson Brog Leinwand Greene Genovese & Gluck P.C., submits this memorandum of law in support of its motion: (a) for reconsideration and reargument of that portion of this Court's Summary Order dated July 13, 2012, that denied remand to state court; or, (b) if denied, for certification for immediate interlocutory appeal pursuant to 28 U.S.C § 1292(b).

## PRELIMINARY STATEMENT

This case was originally commenced in Westchester County Supreme Court and removed by the defendant to this Court based on diversity jurisdiction. However, by Summary Order dated July 13, 2012 (Dkt. No. 66), this Court dismissed all of Beck's money damages claims, and granted leave to file a second amended complaint containing only two claims for injunctive relief pursuant to the New York Franchised Motor Vehicle Dealer Act. Because this Court's subject matter jurisdiction rests solely upon diversity, the dismissal of all money damages claims means that the amount in controversy is zero, which no longer meets the required jurisdictional threshold. Under the governing Supreme Court and Second Circuit authority, this case must be remanded to state court, notwithstanding that this jurisdictional event occurred post-removal.

## STATEMENT OF FACTS

Beck commenced this action on April 27, 2011 in the Westchester County Supreme Court. The next day, defendant General Motors, LLC ("GM") removed this case to this Court based on diversity jurisdiction. On July 8, 2011, Beck filed an amended complaint, which alleged claims for money damages and injunctive relief under New York's Franchised Motor Vehicle Dealer Act (the "Dealer Act") and common law (Dkt. No. 33).

Following limited discovery, GM filed a motion for summary judgment seeking to dismiss all of Beck's claims on the ground that they were not ripe because Beck had not suffered

1

any injury or damages. (Dkt. No. 37)  For its part, Beck cross-moved for leave to amend its amended complaint. (Dkt. No 53).

At oral argument held on July 11, 2012 (Dkt. No. 68), this Court granted GM's summary judgment motion and dismissed all claims in the amended complaint.  This Court also granted Beck's motion for leave to further amend the amended complaint, but only to the extent of authorizing Beck to file a second amended complaint containing two claims for injunctive relief under the Dealer Act.

On July 12, 2012, Beck's undersigned counsel faxed a letter to the Court asserting that the dismissal of all of Beck's money damages claims reduced the amount in controversy below the jurisdictional threshold and, therefore, this Court no longer had subject-matter jurisdiction over this case.  (Dkt. No. 67) The letter requested that this case be remanded or that the Court provide guidance on how it wished the parties to address this issue.

On July 13, 2012, this Court issued a Summary Order (Dkt. No. 66) memorializing its determinations made on the record on July 11.  Furthermore, notwithstanding that no formal motion was pending and the parties had not briefed the issue, the Summary Order also denied remand.

### STANDARD OF REVIEW

On a motion for reconsideration pursuant to Local Civil Rule 6.3, the movant must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected  to alter the conclusion reached by the court." *Shraeder v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## ARGUMENT

### I

### In Denying Removal, this Court Overlooked Controlling United States Supreme Court and Precedential Second Circuit Authority

This Court's Summary Order overlooked the controlling decision of the United States Supreme Court in *Powerex Corp. v. Reliant Energy Services, Inc.,* 551 U.S. 224 (2007) and the Second Circuit's decision in *Price v. J & H Marsh & McLennan, Inc.*, 493 F.3d 55 (2d Cir. 2007). Both *Powerex* and *Price* held that post-removal events may destroy subject matter jurisdiction so as to require remand pursuant to 28 U.S. U.S.C. § 1447(c).

In *Price*, "several years" after the case was removed to federal court, the plaintiff moved to join a non-diverse necessary party. The District Court granted joinder and remanded the case to state court. On appeal, the defendant's primary argument was that "section 1447(c) authorizes remand only when jurisdiction is lacking *at the time of removal*. Under this theory, which some courts call the 'post-removal-event' doctrine, a remand order based on a district court's conclusion that a post-removal event destroys subject matter jurisdiction falls outside the scope of section 1447(c)…" *Price,* 493 F.3d at 60 (emphasis in original).

The Second Circuit disagreed, noting that "[u]nfortunately for Marsh, the Supreme Court recently rejected this very argument in *Powerex*…" *Id.* The Second Circuit then analyzed the *Powerex* decision in detail, starting with a description of the petitioner's argument:

> [T]he petitioner (and the United States as *amicus curiae*) argued that the district court's remand order "was not based on a lack of 'subject matter jurisdiction' within the meaning of § 1447(c) because that term is property interpreted to cover *only* a defect in subject matter jurisdiction *at the time of removal* that rendered the *removal itself* jurisdictionally improper."

3

*Id.* (emphases in original), *quoting Powerex*, 551 U.S. at 230-231.  However, the Supreme Court, in no uncertain terms, rejected that argument:

> We reject this narrowing construction of § 1447(c)'s unqualified authorization of remands for "lack of subject matter jurisdiction." Nothing in the text of § 1447(c) supports the proposition that a remand for lack of subject-matter jurisdiction is not covered so long as the case was properly removed in the first instance.

*Powerex*, 551 U.S. at 230.

      The Supreme Court then dissected what it described as petitioner's "creative argument." The Supreme Court first noted that there was no "explicit textual limitation" in section 1447(c) differentiating between pre- and post-removal events.  In fact, the Court noted that the 1988 amendment to section 1447(c) *removed* language that previously had limited remands only to cases improperly removed in the first instance: "[T]he pre-1988 version of § 1447(c) mandated remand '[i]f at any time before final judgment it appear[ed] that the case was removed improvidently and without jurisdiction." *Id.* at 231, *quoting* 28 U.S.C. § 1447(c) (1982 ed.).  The Court thus acknowledged that this earlier version of the statute, "obviously, authorized remand only for cases that were *removed* improperly." *Id.* (emphasis in original).

      But, the Court then recognized that the 1988 amendment to section 1447(c), 102 Stat. 4670, dramatically altered that provision, so that it now reads as follows: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (1988 ed.).  Notwithstanding that the 1988 amendment to section 1447(c) plainly removed the "case removed improvidently" language and replaced it with the "lacks subject matter jurisdiction language," the petitioner in *Powerex* still argued that "there is no reason to think that Congress broadened the scope of § 1447(c) to authorize the remand of cases that had been improperly removed." *Id.* at 231.

4

Not so, held the Supreme Court. Rather, the Court held that "the very statutory history upon which this creative argument relies conclusively refutes it." *Id.* The Court noted that the same 1988 legislation amending section 1447(c) also added section 1447(e), which governs the post-removal joinder of non-diverse parties that would destroy subject matter jurisdication. The Supreme Court thus concluded that "[t]his unambiguously demonstrates that a case can be properly removed and yet suffer from a failing in *subject-matter jurisdiction* that requires remand." *Id.* at 232 (emphasis in original). In fact, "since the phrase 'subject matter jurisdiction' was inserted into § 1447(c) and § 1447(e) at the same time[, t]here is no reason to believe that the new language in the former provision, unlike the new language simultaneously inserted two subsections later, covers *only* cases in which removal itself was jurisdictionally improper." *Id.* at 232 (emphasis in original).

Two weeks after the *Powerex* decision, the Second Circuit released its decision in *Price*. In *Price*, the Second Circuit analyzed *Powerex* in detail and recognized that the Supreme Court had "rejected the post-removal-event doctrine." *Price*, 493 F.3d at 61. Indeed, the Second Circuit recognized that *Powerex* effectively overruled various decisions of the Ninth, Eleventh, Seventh, Sixth and Third Circuits that had adopted the post-removal-event doctrine. *Id.* at 60.

Notable among these overruled decisions is the Eleventh Circuit's decision in *Poore v. American-Amicable Life Insurance Co. of Texas*, 219 F.3d 1287, 1291-1292 (11th Cir. 2000). In *Poore*, the plaintiff amended his complaint to lower the amount in controversy below the jurisdictional threshold. The Eleventh Circuit held that such post-removal event was beyond the scope of section 1447(c), and therefore, remand was not required. However, in *Price*, the Second Circuit recognized that *Poore's* rationale was overruled by *Powerex*. *See Price*, 493 F.3d at 60.

In fact, since *Powerex*, several Circuit Courts have themselves recognized that their decisions adopting the post-removal-event doctrine were overruled by *Powerex*. See e.g. *Atlantic National Trust LLC v. Mt. Hawley Insurance Company,* 621 F.3d 931, 936 (9th Cir. 2010) ("*Powerex* rejected the argument that post-removal events can never constitute a defect in subject matter jurisdiction for purposes of § 1447(c)); *Blackburn v. Oaktree Capital Management, LLC*, 511 F.3d 633 (6th Cir. 2008) ("we recognize our Sixth Circuit decisions are overruled to the extent they held that a remand for lack of subject matter jurisdiction pursuant to § 1447(c) was reviewable if it was premised on a post removal amendment to a complaint.")

Notably, following *Powerex* and *Price*, District Courts within the Second Circuit have ruled that post-removal amendments lowering the amount in controversy below the jurisdictional threshold divest the court of subject matter jurisdiction and require remand, even though the case was properly removed in the first instance. See *Bernadin v. American Airlines, Inc.*, 2009 WL 1910964 (E.D.N.Y. July 1, 2009) (remand required where letter to court is taken as a binding limitation on plaintiff's damages to less than $75,000); *Matos v. Wojnarowicz*, 2008 WL 53250 (E.D.N.Y. Jan, 2, 2008) (same).

Here, there is even a stronger basis to remand than appeared in *Bernadin* and *Matos*. In those cases, the post-removal events were unilateral amendments by the plaintiffs that lowered the amount in controversy below the jurisdictional threshold. By contrast, in this case the amount in controversy has been eliminated as a result of this Court granting the defendant's motion for summary judgment dismissing all of Beck's claims for money damages.

Unfortunately, this Court's Summary Order fails to address either *Powerex* or *Price,* but instead, as will be demonstrated below, relies on a distinguishable non-precedential summary order, and gives it an expansive interpretation that is irreconcilable with *Powerex* and *Price*.

6

## II

### The Court's Reliance on *Okoli,* a Non-Precedential and Distinguishable Second Circuit Case, Is Misplaced

In denying remand, this Court relied primarily on *Law Offices of K.C. Okoli, P.C. v. BNB Bank N.A.,* 2012 WL 1605829 (2d Cir. May 9, 2012) (Summary Order). In *Okoli,* the plaintiff commenced a state court action alleging state law claims, which was removed to federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The plaintiff moved to remand on the ground that the notice of removal was defective because it failed to properly address the numerosity requirement of CAFA. The District Court denied the motion.

On appeal, the Second Circuit affirmed the denial of remand, but on narrow grounds not applicable here. The actual holding of *Okoli* was that the plaintiff's motion to remand because of a defect in the notice of removal was untimely because it was not made within 30 days of the notice, as required by the first sentence of section 1447(c). *Id.* at *2 ("Accordingly, pursuant to § 1447(c), because Okoli failed to move for remand until more than thirty days after BNB filed its notice of removal, its procedural objections were waived.").

The language in *Okoli* that "[a] plaintiff cannot *seek* to deprive a federal court of jurisdiction by changing its pleadings once the jurisdictional threshold has been satisfied" is thus *obiter dictum*. *Id.* (internal quotations omitted; emphasis added).[1] The plaintiff in *Okoli* had not tried amend its pleadings to lower the numerosity allegations; rather, the decision acknowledges that the "amended complaint did not change the proposed class size." *Id.* The *Okoli* decision merely noted that since the original and amended complaints had alleged sufficient numerosity,

---

[1] As demonstrated in Point I, *supra*, this case does not involve an attempt by Beck to unilaterally lower the amount in controversy; rather, the amount in controversy has been eliminated by the grant of GM's motion for summary judgment dismissing all of the Beck's claims for money damages.

7

subject matter jurisdiction was satisfied, and held that it was too late to challenge the defect in the form of the notice of removal.

In short, this Court's reliance on *Okoli* is misplaced for several reasons. First, *Okoli* is a summary order with no precedential effect. Second, *Okoli* dealt with the numerosity requirement of the Class Action Fairness Act, and not the amount in controversy requirement of diversity jurisdiction. Third, the actual holding of *Okoli* was that the plaintiff had failed to challenge the defect in the notice of removal within 30 days of filing. Fourth, the decision's *obiter dictum* regarding a plaintiff's unilateral attempt to lower the amount in controversy is not applicable to the facts of this case.

Nor is the Second Circuit decision cited within *Okoli* applicable to this case. *See Yong Quin Luo v. Mikel,* 625 F.2d 772 (2d Cir. 2010). In *Yong,* the District Court granted the defendant's summary judgment motion dismissing the plaintiff's personal injury claim, which arose out of an automobile accident. The plaintiff appealed and, for the first time on appeal, agreed to limit her recovery to less than $75,000. The plaintiff argued that this divested the federal courts of subject matter jurisdiction.

The Second Circuit disagreed, but its actual holding was very limited – focused on the fact that the *plaintiff* was attempting to unilaterally defeat subject matter jurisdiction by lowering the amount of money damages sought: "We write today to make clear that *a plaintiff* cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000 once the jurisdictional threshold has been satisfied." *Id.* at 766 (emphasis added). In other words, the actual holding in *Yong* (like the *obiter dictum* in *Okoli)* was that the unilateral act of the *plaintiff* cannot divest the federal court of diversity jurisdiction.

8

Here, of course, the plaintiff Beck does not seek to divest this Court of jurisdiction unilaterally by reducing its demand for money damages. Rather, the elimination of any amount in controversy has been accomplished by the actions of GM - by moving for summary judgment - and this Court - by granting that motion and dismissing all claims for money damages. This is a critical difference that distinguishes *Yong* from this case, and renders it inapposite. In any event, in *Powerex*, the Supreme Court made no distinction between post-removal events initiated by plaintiffs, as opposed to by defendants or some independent intervening cause. Nor did the Second Circuit make any such distinctions in *Price*. The subsequent District Court cases citing *Powerex* - *Bernadin* and *Matos* - both remanded after the plaintiffs unilaterally reduced their demands for money damages.

This Court also cited the District Court's decision in *Purple Passion, Inc. v. RCN Telecom Services, Inc.,* 406 F.Supp.2d 245 (S.D.N.Y. 2005). *Purple Passion* was decided before the Supreme Court's decision in *Powerex* and the Second Circuit's decision in *Price,* and in fact, cites several of the same cases that the Second Circuit stated were overruled by *Powerex*.

Moreover, *Purple Passion* itself acknowledges it was in conflict with another Southern District decision decided earlier in the year, *Villano v. Kohl's Dep't Stores, Inc.,* 362 F.Supp.2d 418 (S.D.N.Y. 2005). Thus, *Purple Passion* created an intra-district split with *Villano,* but it was *Villano,* not *Purple Passion,* that was ultimately vindicated by *Powerex* and *Price.* In fact, *Villano* basically presaged the *Powerex* and *Price* decisions.

In *Villano*, after removal, the plaintiff amended his complaint to reduce the money damages sought to below $75,000 and the District Court granted the plaintiff's motion to remand due to lack of subject matter jurisdiction. The District Court acknowledged the traditional rule that "events occurring subsequent to removal which reduce the amount in controversy…do not

9

oust the district court's jurisdiction." *Villano*, 362 F.Supp2d at 420, *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938).

But, *Villano* immediately recognized that those cases were decided before the 1988 amendment to section 1447(c). *Id. Villano* then conducted basically the same statutory analysis that would be made two years later by the Supreme Court in *Powerex* and the Second Circuit in *Price* and concluded, like *Powerex* and *Price* would later, that "Congress mandated that the district court remand the action if at any time before final judgment the basis for federal jurisdiction ceases to exist, irrespective of whether removal was proper at the time it was made." *Villano*, 362 F.Supp.2d at 420. Accordingly, the case was remanded.

*Powerex* and *Price* require the same result here.

### III

### Any Order Denying Remand Should Be Certified for Immediate Interlocutory Review Pursuant to 28 U.S.C. 1292(b)

Section 1292(b) provides, in pertinent part:

> When a district judge…, shall be of the opinion [that a non-final] order involves a controlling issue of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he should so state in writing in such order.

Here, the conditions are met for a section 1292(b) certification. The controlling issue of law is straightforward: in a case properly removed to federal court under diversity jurisdiction, does a post-removal elimination of any amount in controversy, caused by the grant of the defendant's summary judgment motion dismissing all money damages claims, divest the federal court of subject matter jurisdiction, and require remand pursuant to 28 U.S.C. § 1447(c)?

As set forth above, Beck submits that, based on *Powerex* and *Price,* the foregoing question must be answered in the affirmative, and this case must be remanded to state court. However, this Court's application of *Okoli* and *Purple Passion* runs directly afoul of *Powerex* and *Price*.

Obviously, a determination whether the federal courts retain jurisdiction would materially advance the termination of this litigation in federal court.

Accordingly, should this Court deny remand, the issue should be certified for immediate interlocutory review pursuant to 28 U.S.C. § 1292(b).

## **CONCLUSION**

For the foregoing reasons, this action should be remanded back to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

Dated: New York, New York
July 25, 2012

                Respectfully submitted,

                ROBINSON BROG LEINWAND GREENE
                    GENOVESE & GLUCK P.C.

                By:  /s/ Russell P. McRory
                    Russell P. McRory
                    *Attorneys for Plaintiff Beck*
                    *Chevrolet Co., Inc.*
                    875 Third Avenue, 9th Floor
                    New York, New York 10022

TO:    James C. McGrath, Esq.
          Bingham McCutchen LLP
          One Federal Street
          Boston, MA  02110-1726
          *Attorneys for Defendant General Motors, LLC*