**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**BECK CHEVROLET CO., INC.,**

                                   **Plaintiff,**

                                                              **Case No. 11 CV 2856 (AKH)**

            -against-

**GENERAL MOTORS LLC,**

                                   **Defendant.**
-----------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR**
**RECONSIDERATION AND REMAND IS REARGUMENT PURSUANT**
**TO LOCAL CIVIL RULE 6.3 OR, IF DENIED, FOR CERTIFICATION FOR**
**IMMEDIATE INTERLOCUTORYAPPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ............................................................................................................... 1

    I.    Beck's July 12, 2012 Letter Was Not a Motion ..................................... 1

    II.   GM Relies Largely on Outdated Case Law ........................................... 3

    III.  Numerous Post-Powerex Cases Support Beck's
          Position that Remand is Required .......................................................... 4

    IV.  Beck's Surviving Injunctive Relief Claims Do Not
          Independently Satisfy the Amount in Controversy
          Requirement .......................................................................................... 6

    V    Should Remand Be Denied, Such Order Should Be
          Certified for Immediate Interlocutory Review ..................................... 9

CONCLUSION ............................................................................................................ 10

## TABLE OF AUTHORITIES

Cases                                                                                                    Page(s)


Audi of Smithtown, Inc. v. Volkswagen of America, Inc.,
    2009 WL 385541 (E.D.N.Y. February 11, 2009) ...........................................................6, 7, 8

Bernadin v. American Airlines, Inc.,
    2009 WL 1910964 (E.D.N.Y. July 1, 2009) ...................................................................4, 5

Charvat v. GVN Michigan, Inc.,
    531 F.Supp.2d 922 (S.D. Ohio 2008), affd., 561 F.3d 623 (6th Cir. 2009)............................5

Ewing Group, Inc. v. Deltacom, Inc.,
    2009 WL 3817293 (E.D.Tenn. November 1, 2009) ...........................................................4, 5

General Motors LLC v. Royal Motors Corp.
    769 F.Supp.2d 73 (D.P.R. 2011)..................................................................................8

Hall v. EarthLink Network, Inc.,
    396 F.3d 500 (2d Cir. 2005)......................................................................................3

Kaur v. Levine,
    2007 WL 210416 (E.D.N.Y. January 26, 2006) .................................................................7

Law Offices of K.C. Okoli, P.C. v. BNB Bank, N.A.,
    2012 WL 1605829 (2d Cir. May 9, 2012) (Summary Order).............................................3, 9

Matos v. Wajnarowicz,
    2008 WL 53250 (E.D.N.Y. January 2, 2008) ...................................................................4, 5

Mehlenbacher v. Akzo Nobel Salt, Inc.,
    216 F.3d 291 (2d Cir. 2000)......................................................................................8, 7

Powerex Corp. v. Reliant Energy Services, Inc.,
    551 U.S. 224 (2007).......................................................................................... passim

Price v. J & H Marsh & McLennan, Inc.,
    493 F.3d 55 (2nd Cir. 2007).................................................................................1, 3, 5, 9

Purple Passion Inc. v. RCN Telecom Servs., Inc.,
    406 F.Supp.2d 245 (S.D.N.Y. 2005)...............................................................................3

Roberts v. Building Systems, L.P.,
    2008 WL 220627 (E.D. Tenn. January 25, 2008)..............................................................4, 5

Scherer v. Equitable Life Assurance Society,
    347 F.3d 394 (2d Cir. 2003)..................................................................................................3

Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
    332 F.3d 116, 132 n.3 (2d Cir. 2003)...................................................................................10

Turner v. State Farm Mut. Auto Ins. Co.,
    2010 WL 3239270 (D.Colo. 2010)........................................................................................5

United Food & Commercial Workers Union Local 919 v. CenterMark Properties
    Meridian Square, Inc., 30 F.3d 298 (2d Cir. 1994)........................................................2, 7, 9

Yong Qin Luo v. Mikel,
    635 F.3d 772 (2d Cir. 2010)...............................................................................................3, 9

STATUTES

28 U.S.C. § 1292(b) ............................................................................................................9, 10

28 U.S.C. § 1447(c) ..............................................................................................................5, 9

Plaintiff Beck Chevrolet Co, Inc. ("Beck"), by its attorneys Robinson Brog Leinwand Greene Genovese & Gluck P.C., submits this reply memorandum of law in further support of its motion: (a) for reconsideration and reargument of that portion of this Court's Summary Order dated July 13, 2012, denying remand to state court; or, (b) if remand is denied, for certification for immediate interlocutory appeal pursuant to 28 U.S.C § 1292(b).

## PRELIMINARY STATEMENT

As <u>Powerex</u> and <u>Price</u> make clear, post-removal events can divest federal courts of subject matter jurisdiction requiring remand to state court. Here, this Court granted GM's motion for summary judgment and dismissed Beck's Amended Complaint in its entirety, including all of Beck's money damages claims. The two surviving claims for injunctive relief that this Court permitted Beck to plead do not satisfy the amount in controversy necessary for diversity jurisdiction. Accordingly, this Court lacks subject matter jurisdiction and this case must be remanded to state court.

## ARGUMENT

### I

### BECK'S JULY 12, 2012 LETTER<br>WAS NOT A MOTION

On July 12, 2012, the day after oral argument was heard on GM's summary judgment motion, Beck's undersigned counsel faxed a letter to this Court stating that this case should be remanded because this Court dismissed all of Beck's money damages claims. In light of several upcoming deadlines, Beck requested guidance on how the Court wished to proceed to address this issue. The next day, without the benefit of any filed motion or briefing from the parties, this Court, effectively <u>sua sponte</u>, denied remand in its July 13, 2012 Summary Order.

GM complains that this motion improperly raises issues for the first time because the July 12 Letter contained no legal argument.  However, the letter contained no legal argument on this point because that was not its purpose.  It was a letter, not a motion.

Because of this rather unusual chain of events, this Court will only have the benefit of the parties' briefing on this issue on this motion for reconsideration.  But this is not because Beck failed to make its legal arguments in an actual motion.

GM is seeking to avoid a determination of this issue on the merits.  Its argument runs directly afoul of the Second Circuit's clear instructions that "[f]ederal courts are courts of limited jurisdiction whose power is strictly limited by Article III of the Constitution and congressional statute.  Indeed, the subject matter jurisdiction of the federal courts is too basic a concern to be left to the whims and tactical concerns of the litigants.  Litigants, therefore, cannot waive subject matter jurisdiction by express consent, conduct or estoppel…"  United Food & Commercial Workers Union Local 919 v. CenterMark Properties Meridian Square, Inc., 30 F.3d 298, 303 (2d Cir. 1994).  In fact, "it is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction."  Id. at 301.

Here, the question of whether this Court has subject matter jurisdiction over this case deserves a full and fair hearing on the merits, and the determination of such a fundamental issue cannot be based on a mere letter to the Court that requested guidance on how the Court wished to proceed.

## II

## GM RELIES LARGELY
## ON OUTDATED CASE LAW

In its opening brief, Beck relied on the Supreme Court's opinion in <u>Powerex Corp. v. Reliant Energy Services, Inc</u>., 551 U.S. 224 (2007) and the Second Circuit's decision in <u>Price v. J & H Marsh & McLennan, Inc.</u>, 493 F.3d 55 (2nd Cir. 2007).  As the Second Circuit recognized in <u>Price</u>, <u>Powerex</u> upended the traditional view that post-removal events could not divest the federal courts of subject matter jurisdiction.

Beck also distinguished the Second Circuit decisions in <u>Yong Qin Luo v. Mikel</u>, 635 F.3d 772 (2d Cir. 2010) and <u>Law Offices of K.C. Okoli, P.C. v. BNB Bank, N.A.</u>, 2012 WL 1605829 (2d Cir. May 9, 2012) (Summary Order).  Notably, neither <u>Yong</u> nor <u>Okoli</u> cite <u>Powerex</u> or <u>Price</u>.

For its part, other than the distinguishable <u>Okoli</u> and <u>Yong</u> decisions, all of the other cases relied upon by GM <u>pre-date</u> the Supreme Court's opinion in <u>Powerex</u>, and, therefore, they are not persuasive.  <u>See</u> GM Brf. at pp. 4-9 (Dkt. No. 80), <u>citing</u> <u>Wolde-Meskel v. Vocational Instruction Project Community Servs. Inc</u>. 166 F.3d 59 (2d Cir. 1999); <u>Scherer v. Equitable Life Assurance Society</u>, 347 F.3d 394 (2d Cir. 2003); <u>Hall v. EarthLink Network, Inc.</u>, 396 F.3d 500 (2d Cir. 2005); <u>Purple Passion Inc. v. RCN Telecom Servs., Inc.</u>, 406 F.Supp.2d 245 (S.D.N.Y. 2005).  In fact, GM failed to cite a <u>single</u> case citing <u>Powerex</u> that supports its position.  By contrast, as will be demonstrated below, numerous post-<u>Powerex</u> decisions support Beck's position that this Court lacks subject matter jurisdiction, requiring remand of this case.

### III

### NUMEROUS POST-POWEREX DECISIONS SUPPORT
### BECK'S POSITION THAT REMAND IS REQUIRED

In its opening brief, Beck cited two post-Powerex decisions from the Eastern District of New York that remanded those cases for lack of subject matter jurisdiction because the amount in controversy was lowered post-removal below the jurisdictional threshold.  See Matos v. Wajnarowicz, 2008 WL 53250 (E.D.N.Y. January 2, 2008); Bernadin v. American Airlines, Inc., 2009 WL 1910964 (E.D.N.Y. July 1, 2009).

Courts in the Eastern District of New York are not alone in reading Powerex to require remand in such circumstances.  For example, in Roberts v. Building Systems, L.P., 2008 WL 220627 (E.D. Tenn. January 25, 2008), the court citing Powerex, remanded the case because the plaintiff "stipulated that she will not seek above $75,000 for the totality of her damages…" Id. at 3 (emphasis in original).  In Roberts, the defendants argued, much like GM does here, that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court."  Id. quoting  Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868 (6th Cir. 2000).

However, the Roberts court soundly rejected that argument, holding that:

> [t]his line of precedent…is effectively abrogated by the Supreme Court ruling in Powerex Corp.  Because the amount in controversy must exceed $75,000 for this court to have diversity jurisdiction, it therefore follows that a stipulation post-removal requires this court to remand under § 1447(c).  This is so even where, as here, defendants initially meet their burden of demonstrating that removal was proper because the amount in controversy exceeds $75,000.

Id.

Likewise, in Ewing Group, Inc. v. Deltacom, Inc., 2009 WL 3817293 (E.D.Tenn. November 1, 2009), the court held that the requirement to remand "applies even if a case was

4

properly removed and the court had jurisdiction at the time of removal." Id. at *1.  Thus, "because Ewing has stipulated it will not seek equal to or above $75,000…this court no longer has subject matter jurisdiction predicated on diversity jurisdiction…Accordingly, because no subject matter jurisdiction now exists, and despite this Court having had jurisdiction at the time of removal, this case shall be remanded." Id. at *2.

Even more squarely on point is the decision in Charvat v. GVN Michigan, Inc., 531 F.Supp.2d 922 (S.D. Ohio 2008), affd., 561 F.3d 623 (6th Cir. 2009).  Much like this case, in Charvat, after the defendant's motion for partial summary judgment was granted, the court recognized that "there is no longer a sufficient amount in controversy to meet the requirements of § 1332…Pursuant to 28 U.S.C. § 1447(c), 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to state court].'  As such, the court dismisses this action for lack of jurisdiction." Id. at 930, quoting 28 U.S.C. § 1447(c).

Likewise, in Turner v. State Farm Mut. Auto Ins. Co., 2010 WL 3239270 (D.Colo. 2010), after granting summary judgment dismissing a statutory claim, the court remanded for lack of subject matter jurisdiction because the surviving breach of contract claim did not satisfy amount in controversy requirement.

Powerex and Price indisputably hold that post-removal events may divest the federal courts of subject matter jurisdiction.  Numerous district court cases decided after Powerex have applied that principle where, as here, the amount in controversy is lowered post-removal.  The post-Powerex decisions in Matos, Bernadin, Roberts, Ewing, Charvat and Turner all lead to the

conclusion that this Court no longer has subject matter jurisdiction over this case and, accordingly, this case must be remanded to state court.[1]

IV

**BECK'S SURVIVING INJUNCTIVE
RELIEF CLAIMS DO NOT
INDEPENDENTLY SATISFY THE
AMOUNT IN CONTROVERSY REQUIREMENT**

GM also argues that, even if the dismissal of Beck's money damages claims is given effect, the two surviving injunctive relief claims that this Court permitted Beck to plead in its Second Amended Complaint independently satisfy the amount in controversy requirement.

In support of that argument, GM points to legal arguments Beck made in opposition to GM's motion for summary judgment.  See GM Opp. Brf. at pp. 11-12 (Dkt. No. 80).  GM points out that, in opposing summary judgment, Beck argued that a determination of the fairness and reasonableness of GM's sales performance standard and facility requirements would have "profound" consequences for Beck.  These consequences include determining the number of vehicles Beck would have to sell and the extent of facility renovations Beck would have to complete in order to remain compliant with the franchise agreement.

However, it is well-settled that this sort of generalized harm, alleged as part of an injunctive relief claim, is not sufficient to satisfy the amount in controversy requirement. Squarely on point is District Judge Joseph F. Bianco's decision in Audi of Smithtown, Inc. v. Volkswagen of America, Inc., 2009 WL 385541 (E.D.N.Y. February 11, 2009).  In Audi, the defendant Volkswagen Group asserted that the plaintiff dealers' allegation that the price

---

[1] In this case, the amount in controversy was lowered below the jurisdictional threshold because this Court granted GM's summary judgment motion.  Accordingly, there is no basis for GM to imply that Beck is engaged in manipulation to avoid federal jurisdiction.  Nevertheless, and for the avoidance of any doubt, Beck is willing to stipulate that it will waive any possibility of an award of money damages in this case equal to or greater than $75,000.

6

discrimination resulting from certain incentive programs "threaten the profitability and going-concern value" of the dealerships satisfied the amount in controversy requirement.  However, the District Court held this to be entirely insufficient:

> However, these conclusory statements…are insufficient to demonstrate that there is a "reasonable probability" that the jurisdictional amount will be met…For example, there is no information at all regarding the value of incentive payments of which plaintiffs have been deprived, which were allegedly made to Atlantic Imports since it was formed.  The basis for the amount in controversy should not be grounded in sheer speculation by the Court about the car industry, or the nature of car dealerships and/or incentive programs.   Thus, in the absence of any evidence whatsoever regarding the potential level of monetary damages in this case (or the related value of injunctive relief to plaintiffs), the generalized statement in the complaint that Audi's conduct threatens the plaintiffs' "profitability" and "going-concern value" does not provide a sufficient basis for concluding that the jurisdictional minimum amount is met in this case.

Id. at *8; see also United Food, supra., 30 F.3d at 305 (amount in controversy not met in "action seeking primarily injunctive relief."); Kaur v. Levine, 2007 WL 210416, at *2 (E.D.N.Y. January 26, 2006) ("The [Mehlenbacher] decision provides no support for the proposition that a…claim alleging damages in an unspecified amount…should be assumed to exceed the…statutory jurisdictional amount simply because the complaint alleges 'great mental pain and anguish'…").

In fact, the position GM now adopts in opposition to this motion represents a dramatic flip-flop.  In GM's opposition to Beck's motion for leave to file a second amended complaint, GM argued that Beck's then-proposed claims for injunctive relief were futile because Beck suffered no injury and any alleged harm was purely speculative:

> …Beck has not alleged any injury whatsoever that GM has caused to Beck.  Indeed, this litigation started in April 2011 in connection with GM's effort to extend the parties' Dealer Agreement, which has been extended again until June 30, 2012.  The effect of the extension is to keep the status quo in place, and GM has taken no action to terminate, modify or not renew Beck's franchise.

> Similarly, Beck seeks to enjoin the implementation of the facility standards to which it agreed in the Participation Agreement, <u>even though its compliance is not required until April 2014.</u>  Beck's summary judgment brief failed to demonstrate any injury, much less irreparable harm, with respect to any of its claims.

<u>See</u> GM MLA Opp. Mem., at p. 7 (Dkt. No. 56) (emphasis in original)[2].

GM is arguing out of both sides of its proverbial mouth: first arguing that no harm or injury existed when it sought summary judgment and a denial of leave to amend, but now asserting that the consequences are so profound that the amount in controversy requirement for federal diversity jurisdiction is met.  GM is, in effect, now asserting that Beck has suffered an injury that GM previously argued was non-existant.  It is precisely this sort of gamesmanship that the <u>Audi</u> case cautioned against:

> "While this court recognizes that the requisite amount in controversy might exist, '[i]f the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11].  This could undermine the requirement of reasonable inquiry not only in removal situations but also in other contexts.'"

<u>See</u> <u>Audi of Smithtown</u>, 2009 WL 385541, at *8, <u>quoting</u> <u>Wood v. Option One Mortgage Corp.</u>, 580 F.Supp.2d 1248, 1253-54 (N.D.Ala. 2008), <u>internally quoting</u> <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184, 1215 n. 67 (11th Cir. 2007)

The burden of establishing that the amount in controversy has been met is squarely on GM.  <u>See</u> <u>Mehlenbacher v. Akzo Nobel Salt, Inc.</u>, 216 F.3d 291, 296 (2d Cir. 2000).  As demonstrated above, GM cannot rely on generalized language in Beck's papers that the sales

---

[2]  Thus, GM's own arguments demonstrate why its reliance on <u>General Motors LLC v. Royal Motors Corp</u>. 769 F.Supp.2d 73 (D.P.R. 2011) is entirely misplaced.  <u>See</u> GM Opp. Mem., at p. 12 (Dkt. No. 80).  In <u>Royal Motors</u>, GM issued the dealer a formal notice of termination and then commenced a declaratory judgment action seeking the Court's imprimatur on the termination.  Here, on the other hand, as GM itself conceded, "GM has taken no action to terminate, modify or not renew Beck's franchise."  GM MLA Opp. Mem., at p. 7 (Dkt. No. 56).  Here, Beck's surviving claims are proceeding based solely on the New York Dealer Act's relaxed standard for injunctive relief. <u>See</u> N.Y. Veh. & Tr. L. § 469(a) (any dealer who is or may be aggrieved shall be entitled to sue for and have injunctive relief).  That Beck "may be aggrieved" by GM's sales performance standard and facility requirements is patently insufficient to satisfy the amount in controversy required for federal diversity jurisdiction.

performance standard and facility requirements may have a "profound" effect on Beck.  Rather, GM is required to come forward with evidence establishing that the amount in controversy exceeds the jurisdictional amount.  See United Food, supra., 30 F.3d at 305.  GM has failed to do so.

In short, having made the arguments it did in connection with the prior motions, and having failed to present any evidence supporting it new-found position, and on which it bears the burden of proof, GM cannot now credibly argue that Beck's two surviving injunctive relief claims, which will simply determine if GM's sales performance standard and facility requirements for Beck are fair and reasonable, meet the jurisdictional amount in controversy requirement.

## V

### SHOULD THIS COUT DENY REMAND, SUCH ORDER SHOULD BE CERTIFIED FOR IMMEDIATE INTERLOCUTORY REVIEW

GM's expansive interpretation of Yong and Okoli, and its reliance on other outdated case law cannot be reconciled with the plain words of the Supreme Court's opinion Powerex and the Second Circuit's decision in Price.  The undeniable fact is that a variety of District Courts have interpreted Powerex and 28 U.S.C. § 1447(c) precisely as Beck urges this Court to do here. This Court should follow this line of cases and remand this action to state court.  But, should this Court deny remand, this issue presents a textbook example of an issue that should be certified for immediate interlocutory review pursuant to 28 U.S.C. § 1292(b).  The determination of this threshold issue of subject matter jurisdiction should not await final judgment, particularly in light of the post-Powerex precedent cited by Beck.  Otherwise, the parties run the tangible risk of having to fully litigate this case, only to have the Second Circuit remand for lack of subject

matter jurisdiction.  See United Food, supra., 30 F.3d at 303, citing American Fire & Casualty Co. v. Finn, 341 U.S. 6, 6-18 (1951).

In fact, the Second Circuit has recognized that "[i]n circumstances where a district judge upholds subject matter jurisdiction, but has doubts about these rulings, the judge may sometimes secure interlocutory review by certifying the rulings under 28 U.S.C. § 1292(b)".  Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 332 F.3d 116, 132 n.3 (2d Cir. 2003) (abrogated on other grounds).

## CONCLUSION

For the foregoing reasons, this action should be remanded back to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

Dated:  New York, New York
        August 22, 2012

                              Respectfully submitted,

                              ROBINSON BROG LEINWAND GREENE
                                   GENOVESE & GLUCK P.C.


                              By:    /s/ Russell P. McRory
                                     Russell P. McRory
                                     *Attorneys for Plaintiff Beck*
                                     *Chevrolet Co., Inc.*
                                     875 Third Avenue, 9th Floor
                                     New York, New York 10022



TO:     James C. McGrath, Esq.
        Bingham McCutchen LLP
        One Federal Street
        Boston, MA  02110-1726
        *Attorneys for Defendant General Motors, LLC*